(130 So. 772)
### W. B. DAVIS & SON v. RUPLE.
7 Div. 965.

Supreme Court of Alabama.
Oct. 9, 1930.

Rehearing Granted Nov. 13, 1930.

M. C. Sivley, of Gadsden, for appellee.

Goodhue & Lusk, of Gadsden, for appellant.

GARDNER, J.

Plaintiff was employed in defendant's hosiery mill, of which one Bryant was superintendent with authority to employ and discharge those working therein. She insists she was employed for the full day's work on

August 16, 1927, and that in the early afternoon she was discharged by Bryant without good cause or excuse, and that as constituting a part of such discharge and indivisible therefrom Bryant assaulted her and forcibly ejected her from the premises in the presence of numerous employes. The case went to the jury on count 4 and the plea of the general issue thereto in short by consent, resulting in a judgment for the plaintiff, from which defendant appeals.

Upon original consideration of this cause, count 4 (which appears in the report of the case) was construed in accordance with plaintiff's contention, as stating a cause of action ex delicto. But upon more mature deliberation the conclusion is reached that such construction is improper, and we recede therefrom.

The cause of action stated in said count arises from a breach of promise and not from any breach of duty enjoined by law arising therefrom. The contract of employment is the basis of the suit, and the wrongful discharge of plaintiff is made the gravamen of the action, as more particularly appears in the concluding paragraph of the count wherein it is averred that the damages suffered were "the proximate consequence of said wrongful discharge by defendant." We are persuaded the count states a cause of action ex contractu. Adler v. Miller, 218 Ala. 674, 120 So. 153; Wilkinson v. Moseley, 18 Ala. 288; White v. Levy, 91 Ala. 175, 8 So. 563; Western Union v. Westmoreland, 151 Ala. 319, 44 So. 382; St. Louis & S. F. R. R. Co. v. Hunt, 6 Ala. App. 434, 60 So. 530; Western Union v. Littleton, 169 Ala. 99, 53 So. 97.

As said by the North Carolina court in Elmore v. Atlantic Coast Line R. Co., 191 N. C. 182, 131 S. E. 633, 636, 43 A. L. R. 1072: "When the servant is employed for a definite time, and the master without justification severs the employment at an earlier period, the discharge is wrongful in the terminology of the law of contracts; but it is not a tort." So in the instant case, the breach of the duty of the master not to wrongfully discharge the plaintiff arises solely from the contract and amounts to no more than a breach of the contract, a cause of action ex contractu.

The only damages claimed in count 4 relate to the assault upon plaintiff at the time of her discharge, and the mental and physical pain resulting therefrom. There is no claim for wages due or any damage or loss to plaintiff's estate, but only the damages claimed as above indicated. In actions for the breach of a contract, the damages recoverable are such as were the natural and proximate consequences of the breach and such as may reasonably be supposed to have been within the contemplation of the parties when the contract was made as a probable result of such breach. Western Union v. Westmoreland, supra; Birmingham Water Works Co. v. Martini, 2 Ala. App. 652, 56 So. 830.

So construing the complaint as stating a cause of action ex contractu, we think it requires no discussion to show that the damages claimed resulting from the assault are not recoverable in this form of action. Western Union v. Westmoreland, supra; Birmingham Water Works Co. v. Martini, supra; Comerford v. West End St. R. Co., 164 Mass. 13, 41 N. E. 59; 1 Corpus Juris 1029, 1030.

If the complaint sets forth a valid claim for general or nominal damages, the damages above discussed could be eliminated therefrom by motion to strike and not by demurrer. But such is not the case, for the entire damages claimed are those of special and peculiar character, which are not recoverable in this form of action. Under these circumstances, we have held that the defect may be reached by demurrer. Walls v. Smith, 167 Ala. 138, 52 So. 320, 140 Am. St. Rep. 24; Nichols v. Rasch, 138 Ala. 372, 35 So. 409; Hain v. Gaddy, 219 Ala. 363, 122 So. 329. We are therefore of the opinion the demurrer to count 4 was due to be sustained, and for the error of the trial court in overruling said demurrer the judgment must be reversed.

In view of the remandment of the cause, we think an additional observation should here be made, especially as it has been presented in argument of counsel, and is incidentally involved.

It is the settled law of this jurisdiction that a willful assault upon an employe may be an "accident" within the definition of the Workmen's Compensation Statute (Code 1923, § 7596). Ex parte Coleman, 211 Ala. 248, 100 So. 114; Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188; Mallory S. S. Co. v. Higgins, 22 Ala. App. 26, 111 So. 758. It is also well settled that injuries suffered by an employee are presumed to come under the Workmen's Compensation Law. If therefore the complaint should be interpreted as contended by plaintiff to state an action ex delicto, it would still be defective in failing to aver facts that take it without the Compensation Law. Kaplan v. Sertell, 217 Ala. 413, 116 So. 112.

The averment of plaintiff's discharge is not sufficient for this purpose, as the complaint shows that the discharge and the assault occurred simultaneously, and as a part of the same transaction. Plaintiff must be held to have a reasonable time to leave the premises following such discharge before it may be said that the relationship of master and servant is so completely severed as to render inapplicable the compensation statute. Such is the effect of the following authorities: Zygmuntowicz v. American Steel & Wire Co.,

240 Mass. 421, 134 N. E. 385; Mitchell v. Consolidated Coal Co., 195 Iowa, 415, 192 N. W. 145; American Bridge Co. v. Funk, 187 Iowa, 397, 173 N. W. 119; 39 Corpus Juris, p. 273.

Viewed in either aspect, therefore, the complaint was subject to demurrer.

Upon reconsideration of this cause, the order of affirmance is set aside, the former opinion withdrawn, and the foregoing substituted therefor.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.