This is a workmen's compensation case.
 The employee seeks to recover compensation under the Workmen's Compensation Act. After a hearing the trial court issued its order, which stated in pertinent part:
 "Nevertheless, the burden is upon the employee to establish that the employee sustained an injury by accident which arose out of and in the course of the employee's employment. The Court has reviewed the testimony in detail and does not satisfy from the evidence that the plaintiff sustained an injury as a result of either of the incidents which form the basis of the plaintiff's complaint. The testimony, as presented, does not reasonably satisfy the Court that the plaintiff has sustained an injury of any type which is compensable under the Workmen's Compensation Act. Accordingly, the Court finds that the plaintiff has not met with the burden of proof required in workmen's compensation cases, and as a matter of law, the plaintiff is not entitled to recover."
 The employee appeals and contends that there is no legal evidence to support the trial court's conclusion.
The findings of fact made by the trial court are very meager, as demonstrated by the above quote. In such a situation, we will look to determine if the judgment of *Page 286 
the trial court can be sustained on any reasonable view of the evidence. Sun Papers, Inc. v. Jerrell, 411 So.2d 790
(Ala.Civ.App. 1981).
 Our review of the record reveals the following pertinent facts: The parties stipulated that Thompson was employed by Anserall, Inc.; that both were subject to the provisions of the Alabama Workmen's Compensation Act; that on August 23, 1984 the employee slipped and fell as she was leaving the employer's premises; that on October 17, 1984 the employee was assaulted by one of her supervisors during working hours; that the employer had received adequate notice of both incidents; that the employer had paid to employee temporary total disability benefits for nine weeks and five days; and that there were two women whose testimony would corroborate the employee's testimony regarding her physical injuries. It appears that about the only thing that the parties did not stipulate was that she was injured by an accident which arose out of and in the course of her employment.
 It was undisputed that on August 23, 1984 the employee slipped and fell on the steps in front of the building while exiting the building at the completion of her shift. The employee crawled up the steps to the front door, and one of her supervisors transported her to the hospital emergency room for treatment. The staff at the emergency room treated her and suggested that she consult a doctor. Thereafter, the employee consulted Dr. Bromberg.
 The deposition of the employee's treating physician, Dr. Edward Bromberg, was admitted into evidence. Dr. Bromberg testified that the employee complained of pain in her right ankle and lower back on her initial visit; that she complained of pain in her neck on her second visit with him — a little more than two weeks after the accident; that his record of the employee's October 26, 1984 office visit indicates that her low back pain had increased since October 17, 1984; that he recommended the use of a transcutaneous electrical nerve stimulation (TENS unit) which later records indicate helped reduce her pain; and that the complaints made by the employee during the course of her treatment were consistent with the type of accident described. It was Dr. Bromberg's opinion that all the medical problems for which he treated the employee — her ankle, low back pain and neck — were attributable to the August 23, 1984 accident which the employee had described. There was no indication that Dr. Bromberg was aware that the employee had been assaulted on October 17, 1984, though he stated that she complained of increased low back pain after October 17, 1984.
 The undisputed evidence indicates that the employee was injured in her fall on August 23, 1984 and that her low back pain increased after October 17, 1984. Our next inquiry is whether these accidents arose out of and in the course of her employment.
 The general rule is that an employee is not entitled to benefits under the Workmen's Compensation Act for an injury sustained while traveling to and from his place of employment. Wiregrass Comprehensive Mental Health Clinic, Inc. v. Price, 366 So.2d 725 (Ala.Civ.App. 1978).
 There are several exceptions to the general rule. One of these exceptions was recognized in Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932), wherein it was stated:
 "[T]he employment is not limited by the actual time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after while he is at or near his place of employment. One of the tests is whether the workman is still on the premises of his employer."
 Barnett, 225 Ala. at 463, 143 So. at 813. It was further stated that an employee's completing his actual service for the workday and preparing to leave the employer's premises at a suitable interval of time thereafter are acts naturally related and incidental to the course of employment. Barnett, 225 Ala. 462, 143 So. 813.
In this case the employee had completed her shift for the day on August 23, 1984, *Page 287 
clocked out shortly after 8:00 p.m., went to the ladies' room, and began to exit the building by way of the steps at the front entrance about 8:10 p.m.
 The facts in this case can be distinguished from those in Turner v. Drummond Co., 349 So.2d 598 (Ala.Civ.App. 1977). In Turner, the employee was leaving work after completing his shift. He was killed in an automobile accident which occurred on a public road. The accident occurred at a location two miles from his exact place of employment. This court found that there was sufficient evidence to sustain the trial court's finding that the accident did not occur on employer's "premises" as used in the workmen's compensation statutes.
 In this case the employee's accident did not occur two miles from the employer's premises. The accident occurred on the steps at the entrance to the employer's building as employee was departing at the end of her shift.
Consequently, we find that the exception to the general rule recognized in Barnett v. Britling Cafeteria Co., 225 Ala. 462,143 So. 813, is applicable in the present case in regard to the incident of August 23, 1984. We find the trial court incorrectly applied the law to the undisputed evidence. We reverse the judgment that the provisions of the Workmen's Compensation Act do not apply, and remand the case to the trial court for a determination of the proper award of compensation pursuant to the applicable statutes.
 In regard to the incident occurring on October 17, 1984, the parties stipulated that the supervisor assaulted the employee during work hours. The treating physician's undisputed testimony was the employee had complaints of increased back pain after October 17, 1984 and that he prescribed a TENS unit to help relieve the pain. Our inquiry is whether this injury or aggravation resulted from an accident arising out of and in the course of her employment, so as to be compensable under the workmen's compensation statutes.
 An injury resulting from a willful and criminal assault upon the employee by a fellow employee may be considered an accident compensable under the workmen's compensation statutes. McGaughy v. Allied Products Co., 412 So.2d 803
(Ala.Civ.App. 1982). However, the fact that the assault occurred on the employer's premises during work hours does not conclusively establish that the assault arose out of and in the course of the employment. McGaughy, 412 So.2d 803. That determination is to be drawn from the circumstances of the individual case.
 An assault which is based solely upon personal ill will, hatred, or anger does not arise out of and in the course of the employment. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965). If the rational mind could determine that the proximate cause of the injury was set in motion by the employment, then the assault arose out of and in the course of the employment. McGaughy, 412 So.2d 803.
 The employee testified that on October 17, 1984, while on her job, she had a discussion with her supervisor, Jerry McGinnis, about the manner in which he was treating her and the other employees and about his smoking marijuana on the job. She told him that she would report him to the owner of the business if he did not change his conduct. Shortly after that discussion, the supervisor came out of his office and discovered that the employee had interrupted her work to write his name down on a piece of paper. He then assaulted her. Though the employee's daughter had been married to the supervisor's brother at one time, there was no evidence to indicate that this contributed, in any way, to the assault. The supervisor has been convicted by a court of the assault. From the evidence, we consider that any injury or aggravation of the prior injury suffered by employee arose from an accident while in the course of her employment as a matter of law. Upon remand the trial court may determine if there was injury and award proper compensation therefor under the Workmen's Compensation Act.
This case is reversed and remanded with direction. *Page 288 
 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTION.
All the Judges concur.