The appellant, Booker T. Padgett, was an employee of Neptune Water Meter Company. He filed a complaint in Macon County Circuit Court against Neptune and certain coemployees, alleging that the coemployees had intentionally injured him. Specifically, Padgett claimed that his supervisors at Neptune — Clyde Mundy, Hank Golden, Charlie Trussel, and appellee Cleveland Jackson — had intentionally caused him injury by forcing him to do work that he says the supervisors knew was against the orders of Padgett's doctor.
The trial court entered summary judgments in favor of Neptune and Jackson and made those judgments final pursuant to Rule 54(b), A.R.Civ.P. Padgett appealed.
Padgett argues that Neptune may be liable under the doctrine of respondeat superior for the actions of the coemployee supervisors and that the action against the coemployee supervisors may be maintained under § 25-5-11, Ala. Code 1975, which provides a cause of action for the willful conduct of a coemployee that results in injury. Neptune contends that claims based upon respondeat superior are barred by the doctrine of immunity set forth in § 25-5-52, Ala. Code 1975.
In the recent case of Johnson v. Asphalt Hot Mix,565 So.2d 219 (Ala. 1990), this Court stated that § 25-5-11, Ala. Code 1975, does not provide an action against an employer. Section25-5-11(a) provides that actions may be maintained against those parties that may be jointly liable with the employer, provided that if the other party is a coemployee, then his actions, in order to give rise to liability, must be willful. Section 25-5-11 does not affect the immunity provided by §§25-5-52 and 25-5-53.
Padgett filed two workers' compensation actions against Neptune, based upon the work-related injuries that form the basis of his complaint. His only claim against Neptune in this action is that his coemployee supervisors failed to comply with his medical restrictions and that Neptune is responsible for their actions. Padgett has pursued his claim for compensation from Neptune through a workers' compensation action; he cannot maintain a separate action based upon respondeat superior to impose civil liability upon the employer for injuries compensable under the workers' compensation act. Therefore, we affirm the summary judgment entered in favor of Neptune.
The trial court also entered a summary judgment in favor of Cleveland Jackson, one of Padgett's supervisors at Neptune. Padgett argues that he has shown evidence sufficient to defeat Jackson's motion for summary judgment.
Summary judgment is appropriate upon a showing that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a trial court's entry of a summary judgment, this Court will view the evidence in a light most favorable to the nonmovant and will resolve all reasonable doubts against the movant. Fincher v. Robinson BrothersLincoln-Mercury, Inc., 583 So.2d 256 (Ala. *Page 902 
1991). The present action was filed in October 1987; therefore, the applicable standard of review is the "substantial evidence" rule. See § 12-21-12, Ala. Code 1975. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Section 25-5-11 provides that an employee who receives benefits under the Alabama Workmen's Compensation Act can recover against an "officer, director, agent, servant or employee of the same employer" only "for [actions of] willful conduct which [result] in or proximately [cause] the injury or death." Therefore, we must determine whether there is substantial evidence that Padgett was injured as a result of Jackson's "willful conduct."
In order to meet this burden, Padgett must show that, from the evidence presented, it was reasonably inferable that Jackson acted with "a purpose or intent or design to injure."See Reed v. Brunson, 527 So.2d 102, 120 (Ala. 1988). Whether there was an "intent" is generally recognized to be a question peculiarly within the province of the jury, and intent may be shown by any condition or circumstance from which it may be reasonably inferred. Williams v. Price, 564 So.2d 408, 410-11
(Ala. 1990) (citing Walker v. Woodall, 288 Ala. 510,262 So.2d 756 (1972)). In Williams, this Court stated:
 "A careful reading of the Workmen's Compensation Act reveals that the Act was promulgated to ensure that cases where a plaintiff was compelled to work under circumstances that posed foreseeable risks of harm to himself or others or circumstances from which harm could likely or even probably result would not be submitted to a jury without some evidence tending to show either 1) the reason why the co-employee defendant would want to intentionally injure the plaintiff, or 2) that a reasonable man in the position of the defendant would have known that a particular result (i.e., injury or death) was substantially certain to follow from his action."
Id. at 411.
This Court went on to hold that, without evidence that the defendant had reason to injure the plaintiff or someone else or evidence that the plaintiff's injury was substantially certain
to follow, a summary judgment for the defendant was proper.
In the present action, Padgett testified in his deposition that his only complaint against Jackson was that he made Padgett do work that was contrary to his work restrictions. However, he testified that, when he gave his work restrictions to Jackson, Jackson would read them and discuss them with another supervisor. Padgett testified that Jackson had tried, at least on occasion, to assign him tasks that were within his restrictions. For example, Padgett testified that Jackson had cut down a broom so that it would be within his weight restrictions in order that Padgett could sweep up. Jackson's testimony, which is uncontroverted, also reveals that he had at one point assigned Padgett and another man to a job cleaning water meter parts. The other man lifted the heavy pieces into the machine, while Padgett pushed a button to operate the machine. Jackson testified that this job is usually performed by one man, but that he had assigned two men to operate the machine because at the time he had no other work for Padgett that he felt was within his restrictions.
Padgett, when asked whether he thought Jackson was intentionally trying to hurt him, stated, first, that he would rather not answer the question, and then, "I don't know. I'm not sure." Padgett has not provided in the record evidence of the work he was required to do with any certainty as to dates and times. The record also does not contain evidence of the medical restrictions. According to the testimony in the record, approximately five restrictions were given to Padgett during the applicable period. Apparently, he received restriction as to certain types of machinery and varying weight limitations. However, it is not shown in the record what restriction was given, when it was given, and how *Page 903 
soon after the restriction any job change occurred.
There is testimony, by Padgett, that Jackson would read the restriction and discuss it with his supervisor. Jackson avers, and Padgett does not contest, that Jackson did this in order to determine what type of work Padgett could perform. Padgett merely states that Jackson required him to work outside his restriction.
Under the facts, there appears to be no evidence that Jackson had a reason to injure Padgett or that Jackson was substantially certain that Padgett would be injured if he performed the jobs assigned to him by Jackson.
Therefore, the summary judgment entered in favor of Jackson is also affirmed.
Last, Padgett raises a change-of-venue question. The trial judge, after entering the summary judgments in favor of Neptune and Jackson, transferred the case from Macon County to Elmore County. Of the original defendants, only Neptune and Jackson had any arguable tie to Macon County. Padgett alleged that Neptune did business in Macon County, and Jackson was a resident of Macon County. With our affirmance of the summary judgments in favor of these two defendants, no basis for venue in Macon County remains; therefore, we are satisfied that the transfer to Elmore County was not improper.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and HOUSTON, JJ., concur.