L. CHARLES WRIGHT, Retired Appellate Judge.
Phillip Jerome Austin filed an action against Terry Gordon and Ryan’s Family Steakhouses, alleging a cause of action for assault against Gordon and Ryan’s (based on respondeat superior) and a cause of action against Ryan’s for negligent hiring.
Ryan’s answered the complaint and denied the allegations. It affirmatively pleaded that the allegations of negligence and respondeat superior were barred by the exclusivity provision of the Alabama Workers’ Compensation Act, as provided in § 25-6-53, Ala.Code 1975.
Ryan’s filed a motion for summary judgment, which was supported by appropriate evidence. Austin filed a written response to Ryan’s motion for summary judgment. The response, however, did not contain any evidence to rebut that presented by Ryan’s. The Circuit Court of Mobile County entered a summary judgment in favor of Ryan’s, finding that Austin’s claims were barred by the exclusivity provision of the Workers’ Compensation Act.
Austin appeals and asserts that the trial court erred in entering a summary judgment in favor of Ryan’s. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). Once the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law, then the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. An appellate court reviews the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala.1993).
Austin testified in deposition that he was an employee of Ryan’s. He stated that on August 9,1992, his supervisor, Terry Gordon, requested that he move his automobile from the customer parking lot. He stated that they began to argue about the request. Gordon then followed Austin outside the restaurant. As Austin was unlocking his automobile, he told Gordon, “you’re going to be responsible if anything happens to my car.” Immediately after Austin made the statement, he was assaulted by Gordon.
An injury resulting from a willful and criminal assault upon the employee by a fellow employee may be considered an accident under the workers’ compensation statutes. Thompson v. Anserall, Inc., 522 So.2d 284 (Ala.Civ.App.1988). However, the fact that the assault occurred on the employer’s premises during working hours does not conclusively establish that the assault arose out of and in the course of the employment. Thompson. That determination is to be drawn from the circumstances of the individual case. Thompson.
An assault which is based solely upon personal ill will, hatred, or anger does not arise out of and in the course of the employment. Thompson. If the rational mind could determine that the proximate cause of the injury was set in motion by the employment, then the assault arose out of and in the course of the employment. Thompson.
In granting the motion for summary judgment, the trial court entered the following conclusions of law:
“1. [Austin] was acting within the line and scope of his duties as an employee of *808 [Ryan’s] at the time of the incident made the basis of [Austin’s] complaint.
“2. At the time of the incident made the basis of [Austin’s] complaint, [Austin] and [Ryan’s] were subject to the Workers’ Compensation Laws of the State of Alabama.
“3. Any recovery by [Austin] against [Ryan’s] for injuries which [Austin] suffered as a result of the assault by Terry Gordon, which occurred on or about August 9, 1992, and made the basis of [Austin’s] complaint, is limited to those benefits payable under the Workers’ Compensation Laws of the State of Alabama.
“4. [Austin’s] claims of respondeat superior are barred by the exclusivity provisions of the Workers’ Compensation Act. Alabama courts have held that even if a co-employee is guilty of willful conduct which injures a plaintiff/employee, the plain-tifi/employee cannot recover from the employer outside the Workers’ Compensation Act absent special circumstances. See Padgett v. Neptune Water Meter Co., 585 So.2d 900 (Ala.1991).
“5. [Austin’s] claim of negligent hiring is not actionable outside the Workers’ Compensation Act.
“6. [Ryan’s] made a prima facie showing that [Austin] was an employee of [Ryan’s], working within the line and scope of his employment, at the time of the incident made the basis of [Austin’s] complaint, and [Austin] did not rebut the pri-ma facie showing.
“7. [Ryan’s] made a prima facie showing that [Austin’s] claims against [Ryan’s] were barred by the exclusivity provisions of the Workers’ Compensation Act, and [Austin] did not rebut the prima facie showing.
“8. Substantial evidence of a genuine issue of material fact is required to rebut a properly supported motion for summary judgment. West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“9. [Austin] did not produce substantial evidence that [he] was not an employee of [Ryan’s], acting within the line and scope of his employment, at the time of the incident made the basis of [Austin’s] complaint.
“10. [Austin] did not produce substantial evidence that [he] and [Ryan’s] were not subject to the Workers’ Compensation Laws of the State of Alabama at the time of the incident made the basis of [Austin’s] complaint.
“11. [Austin] did not produce substantial evidence that [Ryan’s] was responsible for the action of Terry Gordon, beyond the responsibility imposed upon [Ryan’s] by the Workers’ Compensation Laws of the State of Alabama.”
Austin asserts that the entry of summary judgment was made in error because, he says, there remained a “crucial fact” to be established — whether “the motivation for the assault was purely personal.” From the undisputed facts gathered from Austin’s deposition, a rational mind could determine that the proximate cause of the injury was set in motion by the employment. Thompson. Austin did not produce any evidence, much less substantial evidence, to rebut Ryan’s prima facie showing. Under such circumstances the entry of summary judgment was proper.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs specially.