McCartney Construction Company ("McCartney"), a defendant in an action pending in the Etowah Circuit Court, petitions for a writ of mandamus directing that court to vacate its order denying McCartney's motion to dismiss, and to dismiss McCartney as a defendant. We grant the petition.
Maurice Dwight Timmons, the plaintiff in the pending action, is an employee of McCartney. He suffered an on-the-job injury. The documents filed with this Court indicate that Timmons is covered by the provisions of the Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq. Timmons sued McCartney and a co-employee for damages based on his injury, alleging that they had intentionally and willfully failed to provide him with a safe workplace, in violation of § 25-1-1.
McCartney moved to dismiss the complaint on the ground that it was entitled to immunity pursuant to §§ 25-5-52 and25-5-53 (the "exclusive remedy" provisions of the Workers' Compensation Act). The trial court denied the motion to dismiss, holding that, because Timmons alleged intentional and willful misconduct on the part of the defendants, McCartney was not entitled to immunity.
The immunity provided employers by the Workers' Compensation Act is found at § 25-5-52 and at § 25-5-53:
 "[§ 25-5-52:] Except as provided in this chapter, no employee of an employer subject to this chapter . . . shall have a right to any other method, form, or amount of compensation or damages for an injury . . . occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."
 "[§ 25-5-53:] The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee . . . at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to . . . the employer's employee, for purposes of this chapter, whose injury or death is due to an accident . . . while engaged in the service of business of the employer, the cause of which accident . . . originates in *Page 911 
the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to [the employer's workers' compensation insurance carrier and to the worker's coemployees]."
Section 25-5-11 authorizes the injured employee to bring an action against "any party other than the employer" who is also legally responsible for the injury, and provides:
 "(b) If personal injury or death to any employee results from the willful conduct . . . of any officer, director, agent, or employee of the same employer . . ., the employee shall have a cause of action against the person. . . ."
In Murdock v. Steel Processing Services, Inc.,581 So.2d 846, 848 (Ala. 1991), this Court held:
 "The intent of the Alabama Legislature in adopting the exclusivity provisions of the Workmen's Compensation Act was `to provide complete immunity to employers and limited immunity to officers, directors, agents, servants or employees of the same employer . . . from civil liability for all causes of action except those based on willful conduct.' § 25-5-14. The Legislature added: `[S]uch immunity is an essential aspect of the workers' compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in section 25-5-53, as amended herein, and sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided herein.' Section 25-5-14."
And, in Padgett v. Neptune Water Meter Co.,585 So.2d 900, 901 (Ala. 1991), we held:
 "In the recent case of Johnson v. Asphalt Hot Mix, 565 So.2d 219 (Ala. 1990), this Court stated that § 25-5-11, Ala. Code 1975, does not provide an action against an employer. Section 25-5-11(a) provides that actions may be maintained against those parties that may be jointly liable with the employer, provided that if the other party is a coemployee, then his actions, in order to give rise to liability, must be willful. Section 25-5-11 does not affect the immunity provided by §§ 25-5-52 and 25-5-53."
See, also, Powell v. United States Fidelity GuarantyCo., 646 So.2d 637 (Ala. 1994).
McCartney is entitled to the relief it seeks; therefore, the petition for the writ of mandamus is granted.
PETITION GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, SEE, and LYONS, JJ., concur.