THOMPSON, Judge.
On January 22, 1999, Sonja Cook sued AFC Enterprises, Inc. (hereinafter “AFC”), and its employees Lloyd Hol-brook, Theresa Cole, and LaTiffany Stock-dale alleging the tort of outrage, assault and battery, and corporate negligence in hiring and supervision. AFC and Hol-brook answered, asserting that all of Cook’s claims were barred by § 25-5-53, Ala.Code 1975, the exclusivity provision of Alabama’s Workers’ Compensation Act. AFC and Holbrook then moved for a summary judgment. On February 21, 2001, the trial court heard oral arguments on that motion. On April 10, 2001, the trial court entered a summary judgment in favor of AFC and Holbrook. The trial court certified its order as final pursuant to Rule 54(b), Ala. R. Civ. P. Cook appealed, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Following the moving party’s prima facie showing that those two conditions are met, the burden then shifts to the nonmoving party to present “substantial evidence” creating a genuine issue of material fact. Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182 (Ala.1999). “Substantial evidence” is “evidence of such a weight and quality that fair-minded persons in the exercise of impartial judgment can reason *176 ably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the non-moving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
A brief recitation of the facts is all that is necessary for the resolution of this appeal. AFC hired Cook on November 30, 1998, to work at its Church’s Fried Chicken restaurant in Talladega (hereinafter “Church’s”). On December 31, 1998, Cook arrived late to work; she was wearing the shirt portion of her uniform and jeans. The record indicates that Church’s policy required employees to wear their complete uniform when working. Soon after Cook arrived, Church’s assistant manager, Theresa Cole, questioned Cook regarding Cook’s failure to dress appropriately for work. Cook and Cole’s discussion grew louder and came to the attention of Church’s manager, Lloyd Holbrook. Although most of the facts are disputed by the parties, all the parties agree that, following a discussion between the three parties, Holbrook orally terminated Cook’s employment. The discussion between Cole and Cook continued following Cook’s termination and eventually escalated into a physical altercation. Although Cook denies that she was the initial aggressor, much of the evidence in the record indicates that Cook instigated the physical altercation. During the altercation, Cole’s niece, LaTiffany Stockdale, another Church’s employee, threw a cup of hot water from the mashed-potato machine at Cole and Cook; both Cole and Cook were burned by the hot water. The record indicates that Cook then attempted to grab a cup to retaliate by throwing hot water on Stockdale; Holbrook took the cup from Cook before Cook was able to draw any hot water from the mashed-potato machine. Cook then reached for the telephone receiver. At that point, Holbrook pushed Cook out of the employee area into the lobby, he locked the door to the employee area, and called the police. The police and the paramedics arrived soon thereafter.
On appeal, Cook asserts that the trial court erred in entering a summary judgment in favor of AFC and Holbrook on the basis that her claims were barred by the exclusivity provision of the Workers’ Compensation Act because, she alleges, at the time of the altercation in which she was injured, she was no longer an employee of AFC. Alabama’s Workers’ Compensation Act states, in pertinent part:
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee ... at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer’s employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment. In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to ... an officer, director, agent, or employee of the same employer, or his or her personal representative.”
§ 25-5-53, Ala.Code 1975 (emphasis added). Well-established Alabama law provides that when an employee seeks redress for injuries sustained in the workplace, the *177 employee’s exclusive remedy is an action under the Workers’ Compensation Act. See Thermal Components, Inc. v. Golden, 716 So.2d 1166 (Ala.1998); Padgett v. Neptune Water Meter Co., 585 So.2d 900 (Ala.1991); W.B. Davis & Son v. Ruple, 130 So. 772, 222 Ala. 52 (1930).
The Workers’ Compensation Act defines “employee” as “every person in the service of another under any contract of hire, express or implied, oral or written.... ” § 25-5-1(5), Ala.Code 1975. Cook asserts that Holbrook terminated her employment just before she was injured, and that because she had been terminated at the time she was injured, she was not an “employee” as that term is defined in § 25-5-1(5), Ala.Code 1975.
However, even following an employee’s termination, the employee must be given a reasonable time to leave the premises before the employer-employee relationship is considered severed and the Workers’ Compensation Act is rendered inapplicable. W.B. Davis & Son v. Ruple, 222 Ala. 52, 130 So. 772, 774 (1930). In that case, Ruple, an employee at a hosiery mill, was discharged by her manager. Following Ruple’s discharge, the manager assaulted and forcibly ejected Ruple from the premises. Ruple was injured in the altercation; she sought damages under a breach-of-contract theory. The trial court entered a judgment on a jury verdict in favor of Ruple. The Supreme Court of Alabama reversed, holding that the discharge and the assault were part of the same event and within the scope of Ruple’s employment. Thus, the court concluded, Ruple’s exclusive remedy was under the Workers’ Compensation Act. Ruple, 222 Ala. 52, 130 So. at 774 (1930).
In Thompson v. Anserall, Inc., 522 So.2d 284, 286 (Ala.Civ.App.1988), Thompson, an employee, sued for workers’ compensation benefits when, after completing her shift, she fell on the steps as she left her employer’s building; she was injured in the fall. Thompson also sought workers’ compensation benefits for injuries she suffered, almost two months after her fall, as a result of being assaulted by her supervisor. The employer argued that Thompson’s injuries did not arise out of and in the course of her employment, and, therefore, that they were not compensable under the Workers’ Compensation Act. The trial court determined that Thompson’s injuries were not compensable under the Workers’ Compensation Act. This court reversed, holding that Thompson’s injuries arose out of and in the course of her employment and, therefore, that they were covered under the Alabama Workers’ Compensation Act. Thompson, 522 So.2d at 287. In reaching its decision, this court stated:
“The general rule is that an employee is not entitled to benefits under the [Workers’] Compensation Act for an injury sustained while traveling to and from his place of employment.
“There are several exceptions to the general rule. One of these exceptions was recognized in Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932), wherein it was stated:
“ ‘[T]he employment is not limited by the actual time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after while he is at or near his place of employment. One of the tests is whether the workman is still on the premises of his employer.’
“It was further stated that an employee’s completing his actual service for the workday and preparing to leave the employer’s premises at a suitable interval of time thereafter are acts naturally re *178 lated and incidental to the course of employment.”
Thompson v. Anserall, Inc., 522 So.2d at 286 (some citations omitted).
The record indicates that the argument between Cole and Cook related to Cook’s failure to wear an appropriate uniform to work. The record also indicates that Holbrook, the manager, terminated Cook because of her conduct toward him and Cole, the assistant manager. The record indicates that even after Cook was terminated, the argument between Cook and Cole continued and, in fact, escalated into a physical altercation. Cook’s injuries were a direct result of that altercation. Although Cook’s employment was terminated shortly before she sustained the injuries for which she sought damages, her employment included a “reasonable time, space, and opportunity” for her to leave the premises before the Workers’ Compensation Act was rendered inapplicable. See Thompson, supra. Therefore, the evidence establishes that Cook’s termination and her injuries occurred simultaneously and arose out of and in the course of her employment. See Ruple, supra. Thus, an action pursuant to Alabama’s Workers’ Compensation Act against AFC was Cook’s exclusive remedy for her injuries. We conclude that Cook’s exclusive remedy as against AFC for her injuries is governed by Alabama’s Workers’ Compensation Act, and, therefore, we conclude that the trial court did not err in entering a summary judgment in favor of AFC on Cook’s tort claims.
On appeal, Cook also asserts that even if she were an employee of AFC at the time of the altercation, her injuries were caused by Stockdale’s willful conduct. Having determined that Cook’s claim is covered under Alabama’s Workers’ Compensation Act, we conclude that Cook’s claims against her coemployees are governed by § 25-5-11, Ala.Code 1975. Under that section, when the employee’s injury is a result of “willful conduct” on the part of a fellow employee, the injured employee may bring a separate action against his fellow employee outside the Workers’ Compensation Act. § 25 — 5—11(b), Ala.Code 1975. The Act defines “willful conduct” as conduct with “[a] purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he or she is guilty of ‘willful conduct.’ ” § 25 — 5—11(c)(1), Ala. Code 1975. Cook does not allege that Holbrook acted willfully, and she presented no evidence of any willful conduct on his part that resulted in an injury to her. Cook asserts only that Stockdale’s conduct was willful. Stockdale is not a party to this appeal. We conclude that the trial court did not err in entering a summary judgment in favor of Holbrook on Cook’s tort claims.
AFFIRMED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ„ concur.