MURDOCK, Justice.
Lineare Inc. (“Lineare”) and one of its employees, Angela Stewart, petition this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its denial of their motion to dismiss certain tort claims asserted against them in the complaint filed by former Lineare employee Sandra Martin and to enter an order dismissing those claims and, as to any claims not subject to dismissal, to vacate its-denial of their motion to strike Martin’s jury demand as to those claims and to enter an order granting that motion.

I. Facts

At the time of the incident underlying this action, both Stewart and Martin were employed by Lineare. Stewart was Martin’s supervisor. According to the allegations in Martin’s complaint, on June 6, 2014, Martin submitted a letter of resignation to Stewart. Martin alleged that she resignted because Stewart had created a difficult work environment. Martin also alleged that she had made Lineare “aware of complaints of how Stewart treated the employees”- and that Lincare’s management- “had not coiTected or counseled Stewart about her treatment of subordinate employees.” Martin further alleged that, after- she presented Stewart with her resignation letter,
“Stewart confronted Martin about some paperwork..,.,. Martin forcibly removed the paperwork from Stewart’s hand.[1] ... Stewart proceeded to choke, assault and physically attack Martin. Stewart fractured Martin’s two fingers on her left hand and damaged [her] right thumb and elbow,.,. The police were called and came to Lincare’s office.... *334 As a result of the police call, Lineare issued a trespass order against Martin. Martin made the company fully aware of the assault [and] what transpired and no action was taken.”
On April 9, 2015, Martin filed an action against Lineare and Stewart based on the incident that occurred June 6, 2014. She alleged a claim for workers’ compensation benefits against Lineare, a claim of assault and battery against Stewart and Lineare, and a tort-of-outrage claim against Stewart and Lineare. Martin demanded a jury trial “on all issues triable by jury.”
On May 8, 2015, Lineare and Stewart filed a joint “Motion to Dismiss or Sever Claims and to Strike Jury Demand.” In the motion, Lineare and Stewart argued that Martin’s workers’ compensation claim should be severed from Martin’s tort claims. They also contended that the tort claims against Lineare were subject to dismissal based on § 25-5-52, Ala.Code 1975, an exclusivity provision of the Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975 (“the Act”). Lineare and Stewart further argued that Martin failed to state a claim for which relief could be granted with regard to her assertion that Lineare ratified the alleged assault and battery and with regard to her tort-of-outrage claim. Finally, Lineare and Stewart contended that a jury waiver Martin signed as a condition of her employment dictated that the tort claims must be heard in a bench trial rather than before a jury and that Martin’s claims against Stewart were included within the jury waiver because Martin’s “claims against Stewart ... were related to her employment with Lin-eare.”
The trial court held a hearing on Lin-eare and Stewart’s motion on August 12, 2015. On August 25, 2015, the trial court entered an order in which it required Martin to amend her claim for workers’ compensation benefits to include “proper verification pursuant to ... § 25-5-88, Ala. Code 1975,”[2] and it severed the workers’ compensation claim from the tort claims “for trial purposes.” The trial court denied the motion to dismiss with respect to Martin’s tort claims against Stewart, and it denied the motion “at this time” as to Martin’s assault and battery and tort-of-outrage claims against Lineare. Finally, the trial court struck the jury demand for the workers’ compensation claim, but it concluded that “[t]he jury demand remains for the tort claims.”
On September 9, 2015, pursuant to the trial court’s order, Martin filed an amended complaint that, in addition to providing proper verification for her workers’ compensation claim, reiterated the aforementioned claims against Lineare and Stewart.
On September 22, 2015, Lineare and Stewart filed the present petition for a writ of mandamus. Lineare argues that the trial court erred by failing to conclude that Martin’s tort claims against it were subsumed by the exclusivity provisions of the Act. Stewart argues that Martin’s tort-of-outrage claim against her is due to be dismissed because it fails to state a claim upon which relief can be granted. Both Lineare and Stewart argue that the trial court erred in failing to enforce the jury waiver as to any tort claims not subject to dismissal. We grant the petition in part and deny it in part.

II. Applicable Principles of Review

“ ‘Mandamus is an appropriate remedy where the availability of a jury trial is at issue, as it is in this *335 case. Ex parte Merchants Nat’l Bank of Mobile, 257 Ala. 663, 665, 60 So.2d 684, 686 (1952).’
“Ex parte Cupps, 782 So.2d 772, 774-75 (Ala.2000).”
Ex parte BancorpSouth Bank, 109 So.3d 163, 166 (Ala.2012).
“One of the exceptions to the general rule that the denial of a motion to dismiss is not reviewable by mandamus is where the motion to dismiss asserts a defense of immunity. See Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala. 2003) (‘The denial of a motion to dismiss ... generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity.’ (citing Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala.2002))). See also Ex parte McCartney Constr. Co., 720 So.2d 910, 911 (Ala.1998)(granting mandamus relief where the toial court denied a motion to dismiss premised on the immunity provided by the exclusive-remedy provisions of the Workers’ Compensation Act)....”
Ex parte Rock Wool Mfg. Co., 202 So.3d 669, 671 (Ala.2016).

III. Analysis

A. Whether Martin’s Tort Claims Against Lineare are Subsumed by the Act

Lineare contends that Martin’s claims alleging assault and battery and the tort of outrage against Lineare are barred by the exclusivity provisions of the Act. Under the facts of this case, we agree.
Section 25-5-52, Ala.Code 1975, provides, in pertinent part:
“Except as provided in this chapter, no employee of any employer subject to this chapter ... shall have a right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident or occupational disease proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof.”
(Emphasis added.) Section 25-5-53, Ala. Code 1975, provides, in pertinent part:
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee ... at common law, by statute, or otherwise on account of injury, loss of services, or death. Except as provided in this chapter, no employer shall be held civilly liable for personal injury to or death of the employer’s employee, for purposes of this chapter, whose injury or death is due to an accident or to an occupational disease while engaged in the service or business of the employer, the cause of which accident or occupational disease originates in the employment....”
(Emphasis added.)
The Act also expressly provides that some employee actions do not fall within its provisions.
“(b) If personal injury or death to any employee results from the willful conduct, as defined in subsection (c) herein, of any ..'. employee of the same employer ... the employee shall have a cause of action against the [other employee] ....
“(c) As used herein, ‘willful conduct’ means any of the following:
“(1) A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design, in *336 tent, and purpose of inflicting injury, then he or she is guilty of ‘willful conduct.’ ”
§ 25-5-11, Ala.Code 1975.
Under § 25-5-11, Martin’s allegations against Stewart are not subsumed under the Act, and Lineare and Stewart do not argue otherwise. Lineare does contend, however, that Martin’s allegations that Stewart engaged in willful and intentional conduct do not in themselves remove her assault-and-battery and tort-of-outrage claims against Lineare from the ambit of the Act. Lineare is correct. As the Court of Civil Appeals has explained:
“An injury resulting from a willful and criminal assault upon the employee by a fellow employee may be considered an accident under the workers’ compensation statutes. Thompson v. Anserall, Inc., 522 So.2d 284 (Ala.Civ.App. 1988)....
“.., If the rational mind could determine that the proximate cause of the injury was set in motion by the employment, then the assault arose out of and in the course of the employment. Thompson.”
Austin v. Ryan’s Family Steakhouses, 668 So.2d 806, 807 (Ala.Civ.App.1995).
“When it can objectively be ascertained that an injury ‘aris[es] out of and in the course of ... employment’ (§ 25-5-50) and that the injury is not expected or intended on the [employer’s] part, pleading or proof of an intent on the part of the employer to injure will not remove the case from the scope of the Act and its exclusivity provisions.”
Hudson v. Renosol Seating, LLC, 73 So.3d 1267, 1274 (Ala.Civ.App.2011).
It is clear from Martin’s complaint that the incident in which she was injured arose out of her employment with Lineare: It was precipitated by Martin’s resignation; it occurred while Martin was still on Lin-care’s premises; and the altercation concerned possession of Lineare documents. See, e.g., Ex parte Patton, 77 So.3d 591, 595 (Ala.2011) (noting that “‘[t]o justify recovery under the Workmen’s Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency’ ” (quoting Wooten v. Roden, 260 Ala. 606, 611, 71 So.2d 802, 806 (1954))). It is also apparent that the injuries Martin alleges she sustained were not expected or intended by Lineare but were an “accident” within the meaning of the Act.
The fact that Martin had resigned her position immediately before the alleged assault and battery does not alter the analysis. As the Court of Civil Appeals has explained:
“[E]ven following an employee’s termination, the employee must be given a reasonable time to leave the premises before the employer-employee relationship is considered severed and the Workers’ Compensation Act is rendered inapplicable. W.B. Davis & Son v. Rumple, 222 Ala. 52, 130 So. 772, 774 (1930). In that case, Ruple, an employee at a hosiery mill, was discharged by her manager. Following Ruple’s discharge, the manager assaulted and forcibly ejected Ruple from the premises. Ru-ple was injured in the altercation; she sought damages under a breach-of-contract theory. The trial court entered a judgment on a jury verdict in favor of Ruple. The Supreme Court of Alabama reversed, holding that the discharge and the assault were part of the same event and within the scope of Ruple's employment. Thus, the court concluded, Ru-ple’s exclusive remedy was under the Workers’ Compensation Act. Ruple, 222 Ala. 52, 130 So. at 774 (1930).”
*337 Cook v. AFC Enters., Inc., 826 So.2d 174, 177 (Ala.Civ.App.2002).
According to Martin’s complaint^ her injuries were sustained shortly after she resigned and while she was still on Lincare’s premises. “‘[T]he employment is not limited by the actual time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after while he is at or near his place of employment.’ ” Thompson v. Anserall, Inc., 522 So.2d 284, 286 (Ala.Civ.App.1988) (quoting Barnett v. Britling Cafeteria Co., 225 Ala. 462, 463, 143 So. 813, 813 (1932)). Martin sustained workplace injuries, even though she technically was not a Lineare employee at the time she was injured.[3]
Because Martin’s allegations' make clear that she sustained her injuries within the scope of her employment with Lineare and that her injuries are the result of an “accident” within the meaning of the Act, Martin’s claims alleging assault and battery the tort of outrage against Lineare are subsumed under the exclusivity provisions of the Act. Consequently, the trial court erred in refusing to dismiss those claims against Lineare, and Lineare has a clear legal right to the relief of having the trial court’s order set aside in this respect and an order entered dismissing those claims.

B. Whether Martin’s-. Tort-of-Outrage Claim Against Stewart Should be Dismissed

Stewart contends that the trial court erred by refusing to dismiss Martin’s tort-of-outrage claim against her because, she says, Martin failed to state a •-claim upon which relief can be granted. Specifically, she asserts:
“Martin only alleged ‘physical injur/ and failed to allege Lineare or any actor intended ' to inflict emotional distress, knew or should have, known that emotional distress was likely to. result, the actions caused her emotional distress or that the distress was severe, all of which are required.to prqye.any,s,et of circumstances to entitle her to relief.”
As noted above, aside from certain limited exceptions, the denial of a motion to dismiss is not reviewable through a petition for a writ of mandamus.. In them “Statement Why Writ Should Issue,” Lin-eare and Stewart, quote cases from this Court stating that mandamus relief is .an appropriate remedy for seeking review of a denial of a motion to ;dismiss based on immunity under the exclusivity provisions of the Act and that it is an appropriate *338 vehicle for seeking review from this Court of the issue of the availability of a jury trial. Conspicuously absent, however, is any authority stating that the denial of a motion to dismiss for failure to adequately plead a cognizable claim is reviewable by mandamus. Compare Ex parte Kohlberg Kravis Roberts & Co., L.P., 78 So.3d 959, 979 (Ala.2011) (denying a writ of mandamus under similar circumstances). Therefore, the mandamus petition is due to be denied in this regard.

C. Whether Martin is Entitled to a Jury Trial on Her Claims Against Stewart

Stewart contends that the trial court should have struck Martin’s demand for a jury trial on her tort claims against Stewart because, as part of her employment with Lineare, Martin signed a waiver of her right to a jury trial. The jury waiver provided, in pertinent part:
“Your signature below indicates that you understand that as a condition of your hire or continued employment, any lawsuit that you may bring against Lineare or any of its subsidiaries or related entities will be decided by a judge, without a jury. To the extent permitted by law, you are knowingly, voluntarily, and intentionally waiving any right you may have to a trial by jury in any litigation arising out of your employment with Lineare or any of its subsidiaries or related entities.
[[Image here]]
“I hereby acknowledge and understand that as a condition of my employment:
“I am waiving my right to have a trial by jury to resolve any lawsuit related to my application, employment or termination of employment with Lineare or any of its subsidiaries or related entities....”
(Emphasis added.)
This Court has stated:
“The right to a jury trial is a significant right in our jurisprudence. ‘Public policy, the Alabama Rules of Civil Procedure, and the Alabama Constitution all express a preference for trial by jury.’ Ex parte AIG Baker Orange Beach Wharf, L.L.C., 49 So.3d 1198, 1200-01 (Ala.2010) (citing Ex parte Cupps, 782 So.2d [772] at 775 [ (Ala.2000) ]).”
Ex parte BancorpSouth Bank, 109 So.3d 163, 166 (Ala.2012).
“Because jury trials are strongly favored in the law, there is a presumption against denying a jury trial based on a contractual waiver, and a waiver of a right to a jury trial must be strictly construed, giving deference to the constitutional guarantee of the right to a trial by jury.”
Ex parte Acosta, 184 So.3d 349, 352 (Ala.2015).
As Martin aptly observes, Stewart is not a party to the jury waiver. Indeed, the waiver is a part of the employment agreement between Martin and Lineare. Especially in light of the foregoing principles regarding the strict construction to be given any waiver of the right to a jury trial, we find no sufficient basis for concluding that Stewart was intended as a third-party beneficiary of the jury waiver or that she is otherwise entitled to enforce the agreement between Martin and Lineare represented by the waiver. Although Lineare itself also seeks to enforce the agreement as to Martin’s assault and battery claim against it, that request is moot given our disposition of the assault and battery claim against Lineare, as discussed in Part III.A.[4]
*339 In short, we find no basis for this Court to order the trial court to strike Martin’s jury demand as to her claims against Stewart.

IV. Conclusion

We grant the petition with respect to the trial court’s failure to grant the motion to dismiss Martin’s tort claims against Lin-eare because those claims are subsumed under the exclusivity provisions of the Act. The petition is denied with respect to the motion to dismiss Martin’s tort-of-outrage claim against Stewart. Finally, we deny the petition with respect to the trial court’s failure to strike Martin’s jury demand regarding her claims against Stewart.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
PARKER and MAIN, JJ., concur.
BOLIN and BRYAN, JJ., concur in the result.

1. It appears that this sentence may contain a mix-üp of names. In her opposition to Lin- - care and Stewart’s motion to dismiss (and in her respondent's brief to the mandamus petition), Martin stated: “Martin alleges that [Stewart] in attempting to physically coerce Martin to release Lincare’s paperwork fractured her fingers.... [Stewart] wanted the paperwork from Martín, the departing employee, and was willing to fracture her fingers to get it.” Moreover, Lineare and Stewart stated in their motion to dismiss that "the altercation occurred while Martin's supervisor was attempting to secure employer-related documents.... ”

. Section 25-5-88 provides the procedures for filing a workers’ compensation claim in the circuit court and the requirements relating to any judgment entered by the circuit court on such a claim.

. Martin also argues that she can maintain her tort claims against Lineare under the test articulated in such cases as Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala.1985), Busby v. Truswal Systems Corp., 551 So.2d. 322, 323 (Ala.1989), and Potts v. BE & K Construction Co., 604 So.2d 398, 400 (Ala.1992). In Potts, this Court stated:
” ‘For [an employer] to become liable for [the] intentional torts of its agent, the plaintiff[] must offer evidence that [1] the agent’s wrongful acts were in the line- and scope of his employment; or [2] that the acts were in furtherance of the business of [the employer]; or [3] that [the employer] participated in, authorized, or ratified the wrongful acts.’ Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala.1985). The employer- is vicariously liable for acts of its employee that were done for the employer's benefit, i.e., acts done in the line and scope of employment or for acts .done for the furtherance of the employer’s interest. The employer is directly liable for its own conduct if it authorizes or participates in-the employee’s acts dr ratifies the employee’s conduct after it learns ‘of the action.”
604 So.2d at 400. We see no evidence that Lineare authorized, participated in, or ratified Stewart’s infliction upon Martin of the injuries she sustained. ’ ” ’

. Nor is there any need to consider here whether Lineare would be any differently sit *339 uated in this regard if Martin’s claim against Stewart was of such a nature that it had yielded a third-party claim or cross-claim by Stewart against Lineare.