On April 25, 2000, State Farm Mutual Auto Insurance Company ("State Farm") and Ophelia Clark (State Farm and Clark are hereinafter collectively referred to as "the plaintiffs") sued Tina Zuicarelli in the Chilton Circuit Court ("the trial court") seeking damages for an automobile accident in which Clark alleged that she suffered personal injuries and property damage caused by Zuicarelli; State Farm sought to enforce its subrogation rights as Clark's automobile insurance carrier. After the plaintiffs were unable to serve Zuicarelli by either process server or certified mail, they sought to serve her by publication; Zuicarelli was subsequently deemed served by publication by the trial court. After Zuicarelli failed to appear or answer the complaint, the trial court, on January 17, 2001, entered a default judgment against Zuicarelli and in favor of the plaintiffs for the amount of damages sought in the complaint, $10,031.32. The plaintiffs also sought to have Zuicarelli's commercial driver's license suspended.
Zuicarelli filed a motion to have the default judgment set aside pursuant to Rule 60(b), Ala. R. Civ. P. On September 14, 2001, after a determination by the trial court that the notice of the plaintiffs' complaint was sent to an improper address, the trial court granted Zuicarelli's motion to have the default judgment against her set aside; Zuicarelli then answered the complaint. On November 29, 2001, Zuicarelli filed an amended answer containing a counterclaim seeking damages for "the plaintiffs' . . . negligent . . . actions that resulted in the suspension of [Zuicarelli's] commercial driver's license," alleging that she had sustained lost income, lost employment, and humiliation because her commercial driver's license was suspended.
On July 16, 2002, the plaintiffs filed a motion for a summary judgment on Zuicarelli's counterclaim, which Zuicarelli opposed. On February 19, 2003, the trial court granted the plaintiffs' motion for a summary judgment. On March 3, 2003, after a trial on the plaintiffs' remaining claims, the jury found that Zuicarelli was not responsible for the damage done to Clark's automobile. However, because the trial court granted the plaintiffs' motion for a summary judgment, Zuicarelli was unable to present evidence concerning her counterclaim. Zuicarelli timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The standard of review applicable to a summary judgment is the same as the standard for granting a summary-judgment motion; we must determine whether there is a genuine issue as to any material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Cook v. AFC Enters., Inc.,826 So.2d 174 (Ala.Civ.App. 2002). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmoving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. Cook v. AFC Enters., Inc.,826 So.2d at 176 (citing Hanners v. Balfour *Page 703 Guthrie, Inc., 564 So.2d 412 (Ala. 1990)).
On August 8, 1998, Roger Sheffield was involved in a one-car accident while driving an automobile owned and occupied by Clark. According to Sheffield and Clark, Sheffield swerved to avoid a collision with an automobile owned by David Colvin, but driven by Zuicarelli. The evidence indicates that the automobile driven by Zuicarelli did not collide with the automobile owned by Clark.
According to Clark, her automobile sustained damage in the amount of $3,105.22; Clark alleges that the damage reduced the value of her 1993 Buick LeSabre automobile from $7,200 to $4,094.78. Clark stated that State Farm, her automobile insurance carrier, paid the costs associated with repairing the automobile, minus a $500 deductible payment. State Farm also paid $3,370 in medical payments, $3,300 for pain and suffering under the uninsured-motorist provision of the automobile insurance policy, and $256 for Clark to rent an automobile while her automobile was being repaired.
Before filing the complaint, State Farm employees made telephone calls to Zuicarelli at her residence and mailed letters to her at her proper address, Route 2, Box 155. During a telephone conversation with Kevin Haynes, a State Farm claim representative, Zuicarelli informed him that she was not responsible for the accident but refused to give a recorded statement concerning the accident. When State Farm decided to bring a subrogation action against Zuicarelli, however, the complaint was improperly sent to Route 5, Box 155. After filing the complaint, State Farm mailed several more letters to Zuicarelli at her proper address, Route 2, Box 155. The undisputed facts set forth in the record indicate that Zuicarelli resided at the same address at the time of the accident and the proceedings in this action and that State Farm had contacted her at that address before seeking the default judgment.
Following the trial court's entry of a default judgment on January 17, 2001, an attorney for the plaintiffs forwarded the default judgment to the Alabama Department of Public Safety ("the department"). On February 15, 2001, State Farm's attorney attempted to send a letter to Zuicarelli to inform her of the default judgment, but the letter was mailed to 3143 Lin Tel Road in St. Louis, Missouri; State Farm alleges that they found that address during a nationwide search to determine Zuicarelli's residence. The department subsequently suspended Zuicarelli's commercial driver's license. Shortly thereafter, the department notified Zuicarelli by letter that her commercial driver's license had been suspended. At that time, Zuicarelli sought the counsel of an attorney to contest the default judgment and the suspension of her commercial driver's license.
The reason the plaintiffs cited for their decision to seek to have the department suspend Zuicarelli's commercial driver's license was the unsatisfied default judgment arising out of the automobile accident. The plaintiffs also stated that they were required to report the accident pursuant to § 32-7-5, Ala. Code 1975, which sets forth a mandatory duty for the operator of an automobile involved in an accident to notify the director of the department of the accident. In response to a request by State Farm, the department issued a letter stating that Zuicarelli's driver's license would not be suspended because the investigating officer's report indicated that the driver of Clark's car was at fault in the accident.
On appeal, Zuicarelli argues that the trial court erred in granting the plaintiffs' motion for a summary judgment on her counterclaim. The law in this area is well settled: *Page 704 
 "A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala. 1988). Following the moving party's prima facie showing that those two conditions are met, the burden then shifts to the nonmoving party to present `substantial evidence' creating a genuine issue of material fact. Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182 (Ala. 1999). `Substantial evidence' is `evidence of such a weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Cook v. AFC Enters., Inc., 826 So.2d at 175-176.
Zuicarelli's counterclaim sought restitution for the loss of income resulting from the suspension of her commercial driver's license. Zuicarelli's counterclaim also sought money damages for the emotional distress she suffered when she lost her job due to the alleged negligent or wanton actions of the plaintiffs in seeking the suspension of her commercial driver's license. Summary judgments are generally not appropriate in negligence actions even though there are certain exceptions to that general rule. Prince v. Wal-Mart Stores, Inc., 804 So.2d 1102
(Ala.Civ.App. 2001).[1]
"The elements of a negligence claim are a duty, a breach of that duty, causation, and damage." Armstrong Bus. Servs., Inc.v. AmSouth Bank, 817 So.2d 665, 679 (Ala. 2001). Wantonness has been statutorily defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala. Code 1975. Our supreme court has also stated that wantonness involves the "conscious doing of some act . . . and being conscious that, from doing . . . an act, injury will likely or probably result." Alfa Mut. Ins. Co. v.Roush, 723 So.2d 1250, 1256 (Ala. 1998).
State Farm contacted Zuicarelli at her proper address several times before filing the complaint and before the entry of the default judgment. The letters sent to Zuicarelli's correct address do not mention the complaint. Following the entry of the default judgment, State Farm's February 15, 2001, collection letter to Zuicarelli was sent to an incorrect address in St. Louis, Missouri. Zuicarelli presented evidence indicating *Page 705 
that State Farm may have been negligent in the collection of the default judgment by attempting to contact her at the incorrect address when it had access to her correct address. Zuicarelli has also presented evidence indicating that State Farm's alleged negligence resulted in the suspension of her commercial driver's license and a loss of earnings. Because there is a genuine issue of material fact as to whether State Farm was negligent in seeking the suspension of Zuicarelli's driver's license, the trial court's summary-judgment order is reversed as to the negligence claim.
However, Zuicarelli has not presented evidence indicating that State Farm's actions amounted to wantonness. The evidence does not indicate that State Farm acted with a conscious disregard of Zuicarelli's rights when it mislabeled its letters to her. SeeAlfa Mut. Ins. Co. v. Roush, supra. State Farm claims that the improper address was a typographical error. Zuicarelli has not presented any evidence that would indicate a genuine issue of material fact exists as to her allegation of wantonness. Therefore, the trial court's summary judgment as to the wantonness claim is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in part and dissents in part.
[1] In their brief filed in this court, the plaintiffs allege that Zuicarelli's counterclaim against them was not a negligence claim, but was instead a claim alleging malicious prosecution. The plaintiffs summarize Zuicarelli's counterclaim as alleging that they "wrongfully reported the default judgment against [Zuicarelli] to the Department of Public Safety, thus resulting in the suspension of [Zuicarelli's] license." The elements of a malicious-prosecution claim are (1) the initiation of a judicial proceeding, (2) a lack of probable cause, (3) malice, (4) termination of the action in favor of the party against whom the judicial proceeding was initiated, and (5) resulting damage.Kmart, Inc. v. Asaro, 751 So.2d 513 (Ala.Civ.App. 1999);Montgomery v. City of Montgomery, 732 So.2d 305 (Ala.Civ.App. 1999). No authority has been presented to this court by the plaintiffs that would support equating the plaintiffs' report concerning Zuicarelli to the department to the initiation of a judicial proceeding, which is an element required in a malicious-prosecution claim. Also, we cannot say that the allegations contained in Zuicarelli's counterclaim against the plaintiffs amounts to a claim of abuse of process. See Willis v.Parker, 814 So.2d 857 (Ala. 2001) (discussing a claim of abuse of process and noting that the elements of such a claim are the existence of an ulterior motive, a wrongful use of legal process, and malice).