924 So.2d 706 (2005)
Ex parte STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(In re Tina M. Zuicarelli
v.
Ophelia A. Clark and State Farm Mutual Automobile Insurance Company).
1030470.
Supreme Court of Alabama.
July 1, 2005.
Rehearing Denied September 30, 2005.
*707 Michael B. Beers, Constance T. Buckalew, and D. Scott Mitchell of Beers, Anderson, Jackson, Patty & Van Heest, P.C., Montgomery, for petitioner.
John P. Graves of Law Offices of Frank R. Farish, Birmingham, for respondent.
SMITH, Justice.[1]
State Farm Mutual Automobile Insurance Company ("State Farm") and Ophelia A. Clark sued Tina M. Zuicarelli as the result of a motor-vehicle accident involving Clark, who is insured by State Farm, and Zuicarelli. State Farm sought reimbursement of, among other things, the amounts it had paid to repair Clark's vehicle and medical expenses. Zuicarelli filed a counterclaim alleging both negligence and wantonness on the part of State Farm and Clark in conduct she asserts resulted in the suspension of her commercial driver's license. The trial court entered a summary judgment in State Farm and Clark's favor on Zuicarelli's counterclaim, and Zuicarelli appealed. The Court of Civil Appeals affirmed the summary judgment on Zuicarelli's wantonness claim, but reversed the summary judgment on her negligence claim. See Zuicarelli v. Clark, 924 So.2d 701 (Ala.Civ.App.2003). State Farm *708 sought certiorari review of the Court of Civil Appeals' judgment insofar as it reversed the summary judgment, and this Court granted State Farm's petition. We now reverse the judgment of the Court of Civil Appeals in part and render a judgment in part in State Farm's favor.

Facts and Procedural History
On August 8, 1998, Roger Sheffield was driving a motor vehicle owned by Clark; Clark was a passenger in the vehicle. Clark alleged that, as the vehicle approached an intersection, Sheffield swerved to avoid a collision with a motor vehicle being driven by Zuicarelli. Clark's vehicle did not collide with Zuicarelli's vehicle. In avoiding the collision, however, Clark's vehicle entered a ditch and sustained damage. Clark also suffered personal injuries. Clark's insurance carrier, State Farm, paid for the repair of Clark's vehicle, rental expenses for Clark's use of another vehicle while hers was being repaired, and medical expenses.
State Farm subsequently sought to enforce its subrogation rights and to obtain reimbursement from Zuicarelli for the amount it had paid Clark. The record reveals that State Farm employees made telephone calls to Zuicarelli and mailed at least one letter to the address at which Zuicarelli resided throughout these proceedings: Route 2, Box 155, Verbena, Alabama.
Ultimately, State Farm and Clark sued Zuicarelli seeking damages as a result of the accident. However, the summons was addressed to Route 5, Box 155, instead of to Route 2. When service of process failed, State Farm sent by certified mail a second summons to 3143 Lin Tel Road, St. Louis, Missouri, an address State Farm discovered during a "nationwide search" to determine Zuicarelli's residence. Zuicarelli, however, did not reside at that address.
After they were unable to serve Zuicarelli through a process server or by certified mail, State Farm petitioned the trial court to serve Zuicarelli by publication, pursuant to Rule 4.3, Ala. R. Civ. P. The necessary publications were made, and on November 3, 2000, the trial court deemed Zuicarelli served by publication. Zuicarelli did not respond to the complaint, and on January 17, 2001, a default judgment was entered in favor of State Farm and Clark by the trial court's entry on the case action summary. On January 25, 2001, a copy of the case action summary was sent to the parties, notifying them of the entry of the default judgment. Presumably, it was sent to Zuicarelli at the incorrect Route 5, Box 155 address, which is the address for Zuicarelli found in the case action summary.
On February 15, 2001, State Farm's counsel mailed a letter to Zuicarelli informing her that a "judgment" had been entered against her and seeking a collection agreement ("the February 15 letter"). That letter, however, appears to have been mailed to the incorrect St. Louis, Missouri, address.[2]
On April 20, 2001, State Farm forwarded a copy of the default judgment to the Department of Public Safety ("the Department"). State Farm included an executed copy of the "P.F.R. 1" form, a form supplied by the Department, which is entitled "Abstract of Judgment for Damages (Arising Out of Motor Vehicle Accident)." The bottom of the P.F.R. 1 form states: "Note: this form is required by the provisions of [Ala.Code 1975, § 32-7-13] and should be *709 mailed together with a certified copy of the Judgment. . . ."[3] The form recited that a judgment had been obtained against Zuicarelli, and it included a certification by the clerk of the Chilton Circuit Court stating, among other things, that the judgment had not been appealed or satisfied.[4] Zuicarelli alleges that as a result of State Farm's report, the Department subsequently suspended her driver's license, which was a commercial license.
Zuicarelli later filed a Rule 60(b), Ala. R. Civ. P., motion seeking to set aside the default judgment. The trial court granted the motion, and Zuicarelli then filed an answer to State Farm and Clark's complaint. On November 29, 2001, Zuicarelli filed a counterclaim, in which she alleged:
"23. That [State Farm and Clark] were negligent, reckless, and/or wanton in their actions that resulted in the suspension of [Zuicarelli's] commercial drivers [sic] license.
"24. That as a proximate cause of the aforesaid negligence, recklessness, and/or wantonness [Zuicarelli] was caused to suffer the damages of lost income, interest on the same, humiliation, embarrassment, undue worry and concern, indignation, inconvenience, and lost employment."
State Farm and Clark filed a motion for a summary judgment on Zuicarelli's counterclaim. In their motion, State Farm and Clark argued that there was no cause of action available for negligent or wanton conduct resulting in a suspension of a commercial driver's license; that their report to the Department of the unsatisfied default judgment was required by law; and that, under the facts of the case, Zuicarelli could file an action alleging only malicious prosecution. Moreover, State Farm argued, Zuicarelli's allegation of negligence failed to meet the standard of culpability required for a malicious-prosecution action. Zuicarelli filed a brief in opposition to the motion for a summary judgment, in which she argued that there existed a genuine issue of material fact as to State Farm's reason for reporting the unsatisfied judgment to the Department.
On February 19, 2003, the trial court entered a summary judgment for State Farm and Clark on Zuicarelli's counterclaim. The summary judgment was not a final judgment, and Zuicarelli did not immediately seek to appeal. A jury trial was held on State Farm and Clark's complaint; on March 3, 2003, the jury found that Zuicarelli was not responsible for the damage done to Clark's vehicle or for the injuries resulting from the accident. Zuicarelli then appealed the trial court's summary judgment on her counterclaim to this Court; the appeal was transferred to the Court of Civil Appeals pursuant to Ala. Code 1975, § 12-2-7(6).
The Court of Civil Appeals affirmed the trial court's summary judgment on Zuicarelli's *710 wantonness claim.[5] However, the court reversed the trial court's summary judgment on Zuicarelli's negligence claim, stating:
"State Farm contacted Zuicarelli at her proper address several times before filing the complaint and before the entry of the default judgment. The letters sent to Zuicarelli's correct address do not mention the complaint. Following the entry of the default judgment, State Farm's February 15, 2001, collection letter to Zuicarelli was sent to an incorrect address in St. Louis, Missouri. Zuicarelli presented evidence indicating that State Farm may have been negligent in the collection of the default judgment by attempting to contact her at the incorrect address when they had access to her correct address. Zuicarelli has also presented evidence indicating that State Farm's alleged negligence resulted in the suspension of her commercial driver's license and a loss of earnings. Because there is a genuine issue of material fact as to whether State Farm was negligent in seeking the suspension of Zuicarelli's driver's license, the trial court's summary-judgment order is reversed as to the negligence claim."
Zuicarelli, 924 So.2d at 704-05. State Farm's application for rehearing in the Court of Civil Appeals was overruled; State Farm then petitioned this Court for certiorari review, and we granted the petition.

Standard of Review
We review de novo an appeal from a summary judgment. Ex parte Union Camp Corp., 816 So.2d 1039, 1042 (Ala. 2001). "When reviewing a ruling on a motion for a summary judgment, this Court uses the same standard of review the trial court used `in determining whether the evidence before the court made out a genuine issue of material fact.' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988)." Jefferson County Comm'n v. ECO Pres. Servs., L.L.C., 788 So.2d 121, 126 (Ala.2000). Moreover, "[o]n certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court." Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).

Discussion
The Court of Civil Appeals held that Zuicarelli presented substantial evidence indicating that State Farm had been negligent in the "collection of the default judgment" because it had attempted to contact her at the wrong address, even though it had access to her correct address. State Farm, however, argues that Zuicarelli's counterclaim is actually seeking damages for negligent prosecution of a civil case, which is not a cognizable action under Alabama law. We agree.
Alabama law recognizes a cause of action for the "malicious prosecution" of a civil action. Such actions are generally disfavored; this Court has stated: "`"[P]ublic policy requires that all persons shall resort freely to the courts for redress of wrongs and to enforce their rights, and that this may be done without the peril of a suit for damages in the event of an unfavorable judgment by jury or judge."'" Mitchell v. Folmar & Assocs., LLP, 854 So.2d 1115, 1117 (Ala.2003) (quoting Eidson v. Olin Corp., 527 So.2d 1283, 1284 (Ala.1988), quoting in turn Boothby Realty Co. v. Haygood, 269 Ala. 549, 554, 114 So.2d 555, 559 (1959)). This public policy disfavoring malicious-prosecution actions *711 "`also disfavor[s] bringing claims arising out of facts within the ambit of malicious prosecution but couched in other terms, especially general allegations of negligence, willfulness, or wantonness.'" Ex parte Tuscaloosa County, 770 So.2d 602, 605 (Ala.2000) (footnote omitted; emphasis added) (quoting Cutts v. American United Life Ins. Co., 505 So.2d 1211, 1214 (Ala. 1987)). Thus, a claim of negligent prosecution of a civil action is not a cognizable tort claim in this state. See Ex parte Tuscaloosa County, 770 So.2d at 605; Bahakel v. City of Birmingham, 427 So.2d 143, 145 (Ala.1983) ("Plaintiff's argument, in effect, asserts a claim for recovery under a theory that can only be called `negligent prosecution.' That theory does not present a cognizable tort claim."), overruled on other grounds, Franklin v. City of Huntsville, 670 So.2d 848 (Ala.1995); Montgomery v. City of Montgomery, 732 So.2d 305 (Ala.Civ.App.1999).
Neither Zuicarelli's counterclaim nor her arguments to the trial court clearly identify the specific negligent acts she alleges State Farm and Clark committed. However, the Court of Civil Appeals' opinion notes that State Farm had at one point mailed letters to Zuicarelli's correct address, but that, after the default judgment against her was entered, State Farm mailed the February 15 letter to Zuicarelli at the incorrect St. Louis address. This, the Court of Civil Appeals held, constituted "evidence indicating that State Farm may have been negligent in the collection of the default judgment by attempting to contact [Zuicarelli] at the incorrect address when it had access to her correct address."
To the extent that Zuicarelli's counterclaim alleges that State Farm acted negligently during the course of the proceedings in this case by failing to contact her at, or to provide the trial court with, her correct address, which Zuicarelli says it had, that allegation amounts to a claim of negligent prosecution of the action, which is not a cognizable tort claim in Alabama. Tuscaloosa County, Bahakel, and Montgomery, supra. Additionally, the argument that State Farm was "negligent in the collection of the default judgment" by sending the February 15 letter to the wrong address is a theory that was not argued before the trial court and that was presented for the first time in Zuicarelli's brief to the Court of Civil Appeals. We note that "[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered" on appeal. Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 165 (Ala.2005).[6] Thus, the judgment of the trial court cannot be reversed on this ground.
Finally, we note that Zuicarelli provided no authority demonstrating that State Farm had a duty to mail her the February 15 letter. Indeed, the letter appears to be nothing more than an attempt to solicit a settlement. It states that a "judgment" had been entered against Zuicarelli and that there was a "balance due" on the judgment of $10,428.30. The letter then goes on to propose several options by which Zuicarelli could pay the debt. Zuicarelli does not argue that State Farm was required by law to send the February 15 letter to Zuicarelli as notice that a default judgment had been entered against her; indeed, the circuit clerk had already sent a notice of the default judgment in the form of the case action summary.[7] For all that *712 appears from the record and the briefs, State Farm could have simply declined to send any demand for payment to Zuicarelli, including the February 15 letter. After the expiration of 60 days, State Farm could have requested the circuit clerk to forward a copy of the unsatisfied judgment to the Department pursuant to Ala.Code 1975, § 32-7-13. The director of the Department would then have been required, pursuant to Ala.Code 1975, § 32-7-14(a), to suspend Zuicarelli's driver's license "forthwith."[8] It is thus unclear how State Farm's failure to send the February 15 letter to the correct address could be the basis for liability in a negligence action.

Conclusion
The portion of the Court of Civil Appeals' judgment reversing the summary judgment on Zuicarelli's negligence counterclaimthe only portion as to which any argument is made on certiorari review  is reversed, and a judgment on that counterclaim is rendered in favor of State Farm.
REVERSED IN PART AND JUDGMENT RENDERED IN PART.
NABERS, C.J., and SEE, HARWOOD, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
LYONS, J., concurs in the result.
NOTES
[1] This case was originally assigned to another Justice and was later reassigned to Justice Smith.
[2] The letter shows Zuicarelli's address as 3143 Lin Tel Road, St. Louis, Missouri. The letter is unsigned, and no envelope is found in the record indicating the address to which it was mailed.
[3] Section 32-7-13 provides, in pertinent part:

"Whenever any person fails within 60 days to satisfy any judgment, upon the written request of the judgment creditor or his attorney, it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk in which any such judgment is rendered within this state, to forward to the director immediately after the expiration of said 60 days a certified copy of such judgment."
[4] Although § 32-7-13 requires the clerk of the court to forward the copy of the judgment ("it shall be the duty of the clerk of the court ... to forward ... a certified copy of such judgment"), it appears that State Farm actually sent the certified P.F.R. 1 form and the judgment, presumably on behalf of the clerk of the Chilton Circuit Court.
[5] Zuicarelli has not filed a cross-appeal challenging the Court of Civil Appeals' affirmance of the summary judgment on her wantonness claim.
[6] See also Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.").
[7] Of course, Zuicarelli would not have received a copy of the case action summary, because the address for Zuicarelli on file in the clerk's office was incorrect.
[8] Alabama Code 1975, § 32-7-14(a), provides, in pertinent part: "The director upon the receipt of a certified copy of a judgment shall forthwith suspend the license and registration and any nonresident's operating privilege of any person against whom such judgment was rendered...."