Facts and Procedural History
Janie S. Dunlap was employed by Union Planters Bank as a residential-mortgage-loan specialist before Union Planters merged with Regions Financial Corporation in 2004. Her position required her to assist mortgage-loan originators by preparing mortgage documentation. Dunlap was an at-will employee. At the time of the merger with Regions, Union Planters employed two residential-loan specialists in Mobile who assisted mortgage-loan originators: Dunlap and Johnette Johnston. Regions decided to eliminate one of these two positions, and Karen Hodge, Union Planters' mortgage-loan supervisor, recommended that Johnston's position be eliminated. In order to avoid terminating Johnston's employment, however, Regions placed Johnston in a "floating" teller position.
In January 2005, Regions decided to eliminate Dunlap's residential-mortgage-loan-specialist position because, according to Regions, the production of the residential-mortgage-loan originators in Mobile no longer supported the position. Regions terminated the position effective March 11, 2005, but it attempted to find Dunlap a position within Regions. Melanie Thompson, Regions' vice president of human resources, informed Dunlap of an open position as a loan processor in the mortgage department, but, according to Thompson's affidavit, Dunlap indicated that she had other options and that she wanted her termination papers processed so that she could accept the severance package.
Before she received her severance package, Dunlap applied for a position with *Page 376 
Regions as a commercial-banking assistant. That position, however, was filled by another Union Planters employee who had experience in commercial lending, experience Dunlap lacked. The employee who was hired to fill the position was 44 years old, 13 years younger than Dunlap, who was 57 at the time.
On March 24, 2005, Dunlap, as part of her severance agreement, signed a general release; that release provides, in pertinent part:
 "I understand this is a complete and general release. In exchange for the severance benefits . . . I release and forever discharge and promise not to sue Regions, Regions Bank, Union Planters Bank . . . with respect to any and all claims (which term is defined as including, but is not limited to causes of action, suits, debts, sums of money, controversies, agreements, promises, damages, costs, losses, expenses and demands whatsoever, at law or in equity, or before any federal, state or local administrative agency, whether known or unknown, whether accrued or unaccrued, whether contingent or certain) which I now have, or any claims whatsoever which may hereafter accrue on account of the events, circumstances or occurrences related to my employment with Regions up to and including the effective date of this release, including but not limited to any claims such as breach of contract; tort; claims under . . . the Alabama Age Discrimination In Employment Act, Ala. Code § 25-1-20, et seq.; conversion; wrongful discharge; retaliation; any claims for present or future effects of past events or actions, and any claims for the violation of any federal, state or local law."
The severance agreement also provides that Dunlap "waives any right [she] may have to future employment with Regions," and she has acknowledged that she would have no right to be recalled to work with Regions.
On September 9, 2005, Dunlap filed this action, alleging age discrimination under the Alabama Age Discrimination in Employment Act ("AADEA"), § 25-1-20 et seq., Ala. Code 1975, and breach of contract. In her deposition, however, Dunlap testified that no one at Regions or Union Planters had ever made any comments that would have suggested that her employment was terminated because of her age.[1] Regions moved the trial court for a summary judgment, and the trial court granted that motion. Dunlap filed her notice of appeal on November 27, 2006. The trial court awarded Regions attorney fees on December 1, 2006.
 Standard of Review
To grant a motion for a summary judgment, the trial court must determine that there is no genuine issue of material *Page 377 
fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden then shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact. Ex parte CSX Transp., Inc., 938 So.2d 959, 961
(Ala. 2006); see Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989); § 12-21-12(d), Ala. Code 1975.
In our review of a summary judgment, we apply the same standard as does the trial court on factual issues. Ex parteLumpkin, 702 So.2d 462, 465 (Ala. 1997). However, we must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Ex parte CSX Transp., 938 So.2d at 962; Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990). The trial court's ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court's conclusion as to the appropriate legal standard to be applied. Ex parte Graham, 702 So.2d 1215, 1221
(Ala. 1997).
 Analysis
Dunlap argues that "[t]he trial court erred in granting summary judgment and not allowing further discovery, not allowing a response from [Dunlap,] and not allowing argument upon the motion." Dunlap's brief at 9. She further argues that she was denied an opportunity for "complete discovery," and she asserts that she "only learned of the potential witnesses in [Regions'] motion for summary judgment." Dunlap's brief at 10. However, the record does not include Dunlap's opposition to Regions' summary-judgment motion, nor does the case-action-summary sheet show that Dunlap filed a response to Regions' motion.[2]
"We note that `[a]ny grounds not argued to the trial court, but urged for the first time on appeal, cannot be considered' on appeal. Lloyd Noland Hosp. v. Durham, 906 So.2d 157,165 (Ala. 2005). Thus, the judgment of the trial court cannot be reversed on this ground." Ex parte State Farm Mut. Auto.Ins. Co., 924 So.2d 706, 711 (Ala. 2005) (footnote omitted); see also Andrews v. Merritt Oil Co.,612 So.2d 409, 410 (Ala. 1992) ("This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court."). Because the arguments Dunlap now advances in opposition to Regions' summary-judgment motion were not presented to the trial court, they are not properly before this Court, and we need not address them.[3] *Page 378 
Moreover, we note that the evidence presented by Regions in the court below, and uncontroverted by Dunlap, justified a summary judgment for Regions. Dunlap signed a general release that provided that all her AADEA claims and breach-of-contract claims related to her employment with Regions or with Union Planters were released. Dunlap provides no argument or authority as to why that release should not be enforced. SeeWayne J. Griffin Elec., Inc. v. Dunn Constr. Co.,622 So.2d 314, 317 (Ala. 1993) ("[A]bsent fraud, a release, supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of the parties from what appears in the four corners of the document itself; and parol evidence is not admissible to impeach or vary its terms."). For these reasons, we affirm the summary judgment.
Dunlap argues that the trial court lacked jurisdiction to enter the order awarding attorney fees to Regions after she had filed her notice of appeal. In its brief before this Court, Regions acknowledges that the order awarding attorney fees was issued after Dunlap had filed her notice of appeal. However, this Court recently stated:
 "Jurisdiction of a case can be in only one court at a time. Therefore, while an appeal is pending, the trial court `can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.' Although the general rule is that a trial court is divested of its jurisdiction during a pending appeal, a trial court may proceed in matters that are entirely `collateral' to the appeal."
Reynolds v. Colonial Bank, 874 So.2d 497, 503
(Ala. 2003) (quoting Foster v. Greer Sons, Inc.,446 So.2d 605, 608 (Ala. 1984)). Dunlap has put forward no authority or argument supporting the conclusion that the attorney-fee award is anything but collateral to this appeal.[4] This Court has held that "`"[it is not] the function of the appellate courts to `make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'"'" Clay Kilgore Constr., Inc. v. Buchalter/Grant,L.L.C., 949 So.2d 893, 898 (Ala. 2006) (quotingBeachcroft Props., LLP v. City of Alabaster,901 So.2d 703, 708 (Ala. 2004), quoting in turn Pileri Indus., Inc.v. Consolidated Indus., Inc., 740 So.2d 1108, 1110
(Ala.Civ.App. 1999), quoting in turn Dykes v. Lane Trucking,Inc., 652 So.2d 248, 251 (Ala. 1994)). As we have noted:
 "`Appellants who fail to comply with [Ala.] R.App. P. 28(a) place themselves in a perilous position. While we attempt to avoid dismissing appeals or affirming judgments on what may be seen as technicalities, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim and presents no authorities in support of that claim. Under appropriate circumstances we will refuse to consider the appeal.'"
Crutcher v. Wendy's of North Alabama, Inc.,857 So.2d 82, 97 (Ala. 2003) (quoting Stover v. Alabama Farm BureauIns. Co., 467 So.2d 251, 253 (Ala. 1985)). Because Dunlap fails to "articulate [her] claim [that *Page 379 
the trial court lacked jurisdiction to enter the attorney-fee award] and presents no authorities in support of that claim," Crutcher, 857 So.2d at 97, we cannot hold that the trial court lacked jurisdiction to award attorney fees.[5]
 Conclusion
Dunlap did not raise in the trial court the arguments she advances on appeal in opposition to Regions' motion for a summary judgment, and a summary judgment was proper based upon the materials that were submitted to that court. Dunlap also has failed to provide authority for her assertion that the trial court lacked jurisdiction to enter the attorney-fee award. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
LYONS, WOODALL, STUART, BOLIN, PARKER, and MURDOCK, JJ., concur. *Page 380 
COBB, C.J., concurs in the result.
SMITH, J., recuses herself.
[1] Dunlap testified as follows at her deposition:
 "Q. . . . There were no comments made to you that would make you believe that your termination was because of your age?
 "A. Not that I recall."
In her appellate brief, Dunlap asserts that she was called "grandma" by fellow employees. Dunlap's brief at 16. However, the word "grandma" does not appear in the record. During her deposition, attorneys for Regions asked Dunlap about any comments or jokes that had been made about her age, and she replied, "Well, I had grandchildren and, you know, how are your grandchildren or something." When asked if these comments offended her, she answered that they did not. When asked whether these comments "[were] just kind of like the normal talk you have with co-workers, like how are your kids, how are your grand kids," Dunlap answered, "Exactly."
[2] The case-action-summary sheet shows that Regions filed its summary-judgment motion on August 7, 2006, and that the trial court entered its order on October 13, 2006.
[3] There is no indication in the record that Dunlap sought additional discovery in the trial court or that the trial court did not allow Dunlap to respond to Regions' motion for a summary judgment. "The law is settled that it is the appellant's duty to ensure that the appellate court has a record from which it can conduct a review. Further, in the absence of evidence in the record, this Court will not assume error of the part of the trial court." Zaden v. Elkus,881 So.2d 993, 1009 (Ala. 2003) (citations omitted).
[4] In her brief, the only authority cited by Dunlap is Rule 62, Ala. R. Civ. P., and Rule 8, Ala. R.App. P. Rule 62, Ala. R. Civ. P., relates to the stay of proceedings to enforce a judgment. Rule 62(d) provides that a stay on execution of a judgment "is effective when the supersedeas bond is approved by the court." Rule 8, Ala. R.App. P., provides that an appellant may apply for a stay of an order or a judgment. The record does not suggest that Dunlap ever requested such relief either in this Court or in the trial court.
[5] It appears that this Court has not addressed whether an award of attorney fees is collateral to an appeal; however, we have "recogniz[ed] that a decision on the merits disposing of all claims is a final decision from which an appeal must be timely taken, whether a request for attorney fees remains for adjudication." State Bd. of Educ. v. Waldrop,840 So.2d 893, 899 (Ala. 2002). It also appears that a majority of other jurisdictions have held that a trial court retains jurisdiction to award attorney fees after a notice of appeal has been filed. See, e.g., Iowa State Bank Trust Co.v. Michel, 683 N.W.2d 95, 110 (Iowa 2004) ("Although the filing of a notice of appeal generally deprives the district court of jurisdiction, the court `retains jurisdiction to proceed as to issues collateral to and not affecting the subject matter of the appeal.' The issue of attorney fees is such a collateral matter." (quoting Landals v. George A.Rolfes Co., 454 N.W.2d 891, 897 (Iowa 1990))); EmeraldPartners v. Berlin, 811 A.2d 788, 791 (Del. 2001) ("We also hold that an appeal from the final judgment on the merits does not divest the trial court of jurisdiction to decide the motion to award costs."); Harold Ives Trucking Co. v. Pro Transp.,Inc., 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000) ("Matters that are collateral or supplemental to the trial court's judgment are left within the trial court's jurisdiction even though an appeal has been docketed. We have consistently held that the award of attorney's fees is a collateral matter." (citation omitted)); Kellar v. Von Holtum,605 N.W.2d 696, 700 (Minn. 2000) ("[W]e consider motions for attorney fee sanctions and costs and disbursements collateral to the merits of the underlying litigation."); Kelly Inn No. 102, Inc. v.Kapnison, 113 N.M. 231, 243, 824 P.2d 1033, 1045 (1992) (holding that, in collateral matters not involved in the appeal, such as determining the propriety and amount of attorney fees, the trial court retains jurisdiction); andMaryland-National Capital Park Planning Comm'n v.Crawford, 307 Md. 1, 40, 511 A.2d 1079, 1099 (1986) ("State courts . . . generally take the position that trial courts may award fees despite the fact that an appeal has been taken from the judgment on the merits and is pending. . . . We hold that the circuit court in this case had discretion to award counsel fees under § 1988, in connection with the proceedings in the Court of Special Appeals, while the petition for a writ of certiorari was pending in this Court.").
But see McLaughlin v. Hellbusch, 251 Neb. 389, 396,557 N.W.2d 657, 662 (1997) ("As a general matter, after an appeal has been perfected, the trial court is without jurisdiction to hear a case involving the same matter between the same parties. We held [in WBE Co. v. Papio-MissouriRiver Natural Resources District, 247 Neb. 522,529 N.W.2d 21 (1995),] that the trial court lacked jurisdiction to enter an order for an attorney fee after the opposing party had perfected its appeal. We apprehend no reason for a different rule with respect to a judicial determination and allowance of costs, and thus hold that after an appeal has been perfected, a trial court lacks jurisdiction to enter an order for costs." (citations omitted)); and Richardson v. Sport Shinko(Waikiki Corp.), 76 Haw. 494, 502 n. 9, 880 P.2d 169, 177
n. 9 (1994) ("We emphasize that HRAP 4(a)(4) does not include motions for attorneys' fees or costs within its operation; the state trial courts' jurisdiction to entertain and decide such motions, therefore, is still divested the moment a notice of appeal is filed.").