The plaintiff, Henry Murry, appeals from a summary judgment in favor of the defendant, the City of Abbeville ("the City"). We reverse and remand.
 Facts and Procedural History
In 1992, the Alabama Legislature enacted Act No. 92-608, Ala. Acts 1992, codified at § 34-14A-1 et seq., Ala. Code 1975 ("the Act"), for the purpose of regulating the residential home-building and remodeling industries. The Act created the Home Builders Licensure Board, § 34-14A-3, set certain licensing requirements for residential *Page 300 
home builders, §§ 34-14A-5 and -7, provided a procedure for the revocation or suspension of licenses, § 34-14A-8, and established a Homeowner's Recovery Fund for the purpose of paying a homeowner for damage sustained as the direct result of the conduct of a licensee under the Act, § 34-14A-15. At the times relevant to this appeal, the Act provided:
 "The county commissions of the several counties are authorized and empowered to adopt building laws and codes by ordinance which shall apply in the unincorporated areas of the county. The building laws and codes of the county commission shall not apply within any municipal police jurisdiction, in which that municipality is exercising its building laws or codes, without the express consent of the governing body of that municipality. The building laws and codes of the county commission may apply within the corporate limits of any municipality with the express consent of the governing body of the municipality. The county commission may employ building inspectors to see that its laws or codes are not violated and that the plans and specifications for buildings are not in conflict with the ordinances of the county and may exact fees to be paid by the owners of the property inspected. Utilizing the same authority and procedures as municipalities pursuant to Sections 11-53A-20 to 11-53A-26, inclusive, the county commissions may condemn buildings, parts of buildings, or structures dangerous to the public and prohibit the use thereof and abate the same as a nuisance. The county commissions, municipalities, and other public entities are hereby authorized to enter into mutual agreements, compacts, and contracts for the administration and enforcement of their respective building laws and codes."
§ 34-14A-12, Ala. Code 1975.[1]
Section 34-14A-16 also provided:
 "The provisions of this chapter shall not apply to any county the population of which is 30,000 or less according to the most recent federal decennial census, unless the county commission of the county irrevocably elects to have the county covered by this chapter."[2]
The City is located in Henry County, which in 1999 had a population of less than 30,000. The Henry County Commission elected in 1999 to have Henry County covered by the Act.
In April 2004, Murry hired Phillip Crawford of Southern Trade Contractors, Inc., to do remodeling work on Murry's house, which is located in the City. Murry asked Crawford if he was a licensed home builder, and Crawford told him that he was. Murry did not ask to see Crawford's home builder's license. Crawford applied for and received a building permit from the City on April 8, 2004, for remodeling work on Murry's house.
After work had begun on Murry's house, Murry contacted the City police department because he believed that he was being "scammed" by Crawford. Murry based his belief on the fact that Crawford had never actually finished any of the remodeling work, yet he kept demanding money from Murry. The police department *Page 301 
contacted the Home Builders Licensure Board.
On June 30, 2004, the Home Builders Licensure Board issued a "stop work" order against Crawford and Southern Trade. The Board issued the order on the basis that Crawford and Southern Trade were required to have a home builder's license pursuant to § 34-14A-5, and neither had such a license.
Murry contends that as a result of Crawford's allegedly inadequate and incomplete work, he was required to hire additional contractors to complete the remodeling job. On June 2, 2005, Murry sued the City, alleging, among other things, that the City was negligent under the Act by failing to require proof of a home builder's license from Crawford before it issued its building permit. Murry later amended his complaint to add Crawford and Southern Trade as defendants.
On September 8, 2006, the City filed a motion for a summary judgment, arguing that the Act does not apply to it. Specifically, the City argued that it was not subject to the Act even though the Henry County Commission elected to have the County covered by the Act because § 34-14A-12 provided that the Act applies only to the unincorporated areas of the county. On June 22, 2007, Murry filed a motion for a summary judgment, arguing that the Act was applicable to the City and that the City breached its duty under the Act. On June 26, 2007, the trial court entered a summary judgment for the City and denied Murry's summary-judgment motion. Murry filed a petition for permission to appeal from an interlocutory order pursuant to Rule 5(a), Ala. R.App. P. The trial court granted Murry's petition, finding that an immediate appeal from the summary-judgment order would materially advance the ultimate termination of the litigation and would avoid protracted and expensive litigation. On September 12, 2007, this Court denied Murry's petition for permission to appeal. On September 14, 2007, the trial court made the order granting summary judgment in favor of the City final pursuant to Rule 54(b), Ala. R. Civ. P. Murry appeals.
 Standard of Review "`We review the trial court's grant or denial of a summary judgment motion de novo.' Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346
(Ala. 2006) (citing Bookman v. WCH, L.L.C., 943 So.2d 789 (Ala. 2006)). A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. If the movant meets this initial burden, the burden then shifts to the nonmovant to present `substantial evidence' showing that a genuine issue of material fact exists. Exparte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala. 1999). Substantial evidence is `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989). In determining whether a genuine issue of material fact exists, this Court views the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts in favor of the nonmovant. Jones v. BP Oil Co., 632 So.2d 435, 436
(Ala. 1993). Moreover, `[t]he trial court's ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court's conclusion as to the appropriate legal standard to be applied.' Dunlap v. Regions Fin. Corp., *Page 302 983 So.2d 374, 377 (Ala. 2007) (citing Exparte Graham, 702 So.2d 1215, 1221 (Ala. 1997))."
Chapman Nursing Home, Inc. v. McDonald, 985 So.2d 914,919 (Ala. 2007).
 Analysis
In the present case, the facts are undisputed and the issue presents a pure question of law regarding the interpretation of the Act. Specifically, the issue is whether a municipality located within a county that has elected to be covered by the Act is subject to the provisions of the Act when § 34-14A-12 provides that "building laws and codes" adopted by the county do not apply to a municipality located within the county without the express consent of the governing body of the municipality.
In Exparte McCormick, 932 So.2d 124, 132(Ala. 2005), this Court noted:
 "In any case involving statutory construction, our inquiry begins with the language of the statute, and if the meaning of the statutory language is plain, our analysis ends there. Exparte Moore, 880 So.2d 1131, 1140 (Ala. 2003) (`"`The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.'"') (quoting Ex parte Weaver, 871 So.2d 820, 823 (Ala. 2003), quoting in turn Exparte State Dep't of Revenue, 683 So.2d 980, 983 (Ala. 1996)). This Court in DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala. 1998), explained:
 "`In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature. As we have said:
 "`"'Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial, construction and the clearly expressed intent of the legislature must be given effect.'"'
"729 So.2d at 275-76 (quoting Blue Cross Blue Shieldv. Nielsen, 714 So.2d 293, 296 (Ala. 1998), additional citations omitted)."
The purpose of the Act is to protect the public by regulating the home-building and private-dwelling-construction industry by providing for the licensing of persons engaged in home building and remodeling. § 34-14A-1. "Home builders may pose significant harm to the public when unqualified, incompetent, or dishonest home building contractors and remodelers provide inadequate, unsafe or inferior building services." § 34-14A-1. In 2004 when Murry hired Crawford, the Act applied to all counties with a population greater than 30,000 and to those counties with a population of less than 30,000 if the county commission irrevocably elected to have the county covered by the Act. § 34-14A-16.[3] Before it issues a license, the Home Builders Licensure Board examines the home builder's experience, ability, character, business-related financial condition, ability and willingness to serve the public, and any other relevant information. § 34-14A-7.
At the times relevant to this appeal, the Act exempted from its provisions the following:
 "(1) Any employee of a licensee who does not hold himself or herself out for hire or engage in contracting, except as such employee of a licensee. *Page 303 
 "(2) An authorized employee of the United States, the State of Alabama, or any municipality, county, or other political subdivision, if the employee does not hold himself or herself out for hire or otherwise engage in contracting except in accordance with his or her employment.
 "(3) General contractors holding a current and valid license, issued prior to January 1, 1992, under Sections 34-8-1 through 34-8-27.
 "(4) Licensed real estate agents operating within the scope of their respective licenses on behalf of clients.
 "(5) Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale.
 "In any action brought under this chapter, proof of the sale or offering for sale of such structure by the owners of property, as provided in this subdivision, within one year after completion of same is presumptive evidence that the construction was undertaken for the purpose of sale.
 "(6) This chapter does not apply to mobile homes or to any structure that is installed, inspected, or regulated by the Alabama Manufactured Housing Commission or the repair, improvement, or reimprovement of any such structure, and shall not in any way change or interfere with the duties, responsibilities, and operations of the Alabama Manufactured Housing Commission as defined in Sections 24-4A-1 through 24-6-4.
 "(7) The provisions of this chapter shall not apply in those counties having populations of less than 30,000 according to the most recent decennial census provided however the county commissions of such counties may irrevocably elect to have their respective counties covered by the provisions of this chapter in the same fashion and under the same conditions as shall be applicable at the time of the election."
§ 34-14A-6.4 We note that nowhere in § 34-14A-6 did the legislature exempt from the Act municipalities located within a county subject to the Act.
Section 34-14A-12 provides that county commissions have the authority to adopt by ordinance "building laws and codes" that shall apply to the unincorporated areas of the county. Section 34-14A-12 goes on to provide that the "building laws and codes" adopted by the county may apply to any municipality located within the county if the governing body of the municipality expressly consents to the application of those building laws and codes. The plain language of § 34-14A-12 does not exempt municipalities from the provisions of the Act. Instead, the legislature created an exemption for "building laws and codes" adopted by a county by ordinance. The phrase "building laws and codes" refers to building guidelines or standards, and the intent of the legislature was to ensure that the building codes adopted by a county did not supplant or replace any building codes adopted by a municipality unless the municipality expressly consented to operate under the county's building codes.
 Conclusion
In 2004 when Murry hired Crawford, the Act applied to Henry County by virtue of the election in 1999 by the Henry County *Page 304 
Commission to be subject to the provisions of the Act. The City is located in Henry County, and the county commission, when it subjected the county to the Act, decided that all the residents of Henry County, including those residing in municipalities, should be protected by the provisions of the Act. Accordingly, the summary judgment in favor of the City is reversed and the cause remanded for proceedings consistent with this opinion.[4]
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
[1] In 2006, this provision of the Act was modified slightly by Act No. 2006-105, Ala. Acts 2006, § 1. The 2006 amendment added a subsection (a), inserted a subsection (b) designator before the quoted paragraph, and designated the final two sentences of that paragraph as subsections (c) and (d), respectively.
[2] In 2006, this provision of the Act was repealed by § 3 of Act No. 2006-105.
[3] Since it was amended in 2006 to repeal § 34-14A-16, the Act applies to all counties.
[4] Section 34-14A-6 was amended in 2006 to insert "licensed engineers, and licensed architects" in subdivision (4) and to delete subdivision (7). Act No. 2006-105, Ala. Acts 2006, § 1.